## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

—————————————————————
                      :

**LAURA HENRY**               :          **NO:**
     **Plaintiff**            :
                      :

       **v.**                 :          **COMPLAINT**
                      :

**BRISTOL HOSPITAL INC.;**  :
**OLAKUNLE OLUWOLE, MD**  :
**IN HIS INDIVIDUAL CAPACITY,**  :
**AND IN HIS OFFICIAL CAPACITY;**  :
**JOHN DOE, JANE DOE; AND OTHER**  :
**UNNAMED** INDIVIDUALS,  :
                      :

     **Defendants.**           :          **JUNE 10, 2013**
—————————————————————

## JURISDICTION AND VENUE

1.  This is an action for damages and other equitable relief arising under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 29 C.F.R. 1604.11, CONNECTICUT

CONSTUTION ARTICLES, FIRST, V, AND XXI, Conn. Gen. Stat. §46a-60(a)(1), Conn.

Gen. Stat. §46a-60(a)(8),and the common law of the State of Connecticut.

2.  This Court has jurisdiction of this controversy by virtue of 42 U.S.C. § 2000e-5 and

28 U.S.C. §1367 by virtue of this Court's powers and authority to hear pendent state law claims.

Venue in this district is appropriate pursuant to 28 U.S.C. §§ 1391 and 1392.

## COMPLIANCE WITH ADMINISTRATIVE PROCEDURE

3.   Plaintiff timely filed Charges of unlawful discrimination in employment against the Defendant Bristol Hospital and Olankunle Oluwole, M.D. with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the U.S. Equal Employment Opportunity Commission (EEOC). Release of jurisdiction by CHRO and the EEOC are pending and the Plaintiff's Statute of Limitation will expire on June 11, 2013, thereby necessitating her filing this action at this time prior to issuance of a right to sue.

## PARTIES

4.   The Plaintiff, Laura Henry is a 52 year old female, and she has been employed by the Defendant Bristol Hospital since August 26, 1986.  At all times relevant to this complaint, the Plaintiff has been employed by the Defendant Bristol Hospital in various positions culminating in her present position in the Surgical Services Department of the hospital.  At all times relevant to this complaint, the Plaintiff's performance has been stellar, and absent of complaint, or reprimand.

5.   Defendant Oluwole is a general surgeon specializing in colorectal surgery and bariatric surgical procedures at Defendant Bristol Hospital, and he resides at 15 Newell Road, Bristol Connecticut 06010.  This defendant is believed to be over six feet four inches tall and he is a muscular man in his late thirties or early forties.  On information and belief, Defendant

Oluwole has been employed by Defendant Bristol Hospital since 2010.  Prior to his arrival and employment at Defendant Bristol Hospital, Defendant Oluwole is believed to have worked at Presbyterian Medical Center in Philadelphia, Pennsylvania, and at Warren General Hospital in Warren Pennsylvania.  It is also believed that this defendant was terminated or released from these various places of employment because he engaged in similar reprehensible conduct as the ones charged, and complained of herein.  This defendant's employment was terminated at Defendant Bristol Hospital in or around September 2012.

It is also believed that Defendant Oluwole has subjected at least one other employee and two other patients' to violent sexually assaultive conduct while he was employed by Defendant Bristol Hospital.  On other occasions, this defendant has sent numerous sexually charged text messages and references to other female employees he did not have the opportunity to assault.  By virtue of his position as a surgeon at Defendant Bristol Hospital, Defendant Oluwole had supervisory responsibilities over the Plaintiff.  It is also believed that this defendant was reprimanded by the Human Resources Department at Defendant Bristol Hospital because of various and numerous prior sexually harassing conduct he made to other females at Defendant Bristol Hospital.  On information and belief, Defendant Oluwole was mentioned in, and numerous references made by other employees that he had fathered a child by one female employee at the hospital.

Defendant Oluwole was never terminated, nor was he placed under closer supervision until this plaintiff filed a sexual harassment charge against Defendant Oluwole.

This defendant is being sued in his individual capacity and in his official capacity as an

agent/supervisor/official of Defendant Bristol Hospital who acted within the scope of his

authority, and in the course of his employment at Defendant Bristol Hospital.

6.   Defendant Bristol Hospital is a medical facility which is incorporated pursuant to the

laws of the state of Connecticut, and employs more than twenty employees.  This Defendant's

principal place of business is located at 41 Brewster Road, Bristol Connecticut 06010.

Defendant Bristol Hospital is chiefly engaged in the delivery of medical services, including

bariatric surgical procedures to members of the Bristol and surrounding communities.  At all

times relevant to this complaint, this defendant has maintained a pervasive, objectively severe,

sexually charged, and hostile work environment.

At the time Defendant Oluwole was hired by this defendant, it failed to properly

investigate his background which would have revealed that Defendant Oluwole was a serial

sexual harasser.   Defendant Bristol Hospital at all times, has directly and indirectly maintained a

sexually charged hostile work environment, where employees often engage in making sexual

jokes about other employees, and while others openly engaged in sexual relations as a matter of

policy.  In one instance, a female employee was caught "giving a 'blow job' to a male doctor in

the hospital parking lot in broad daylight."  On information and belief, the female employee in

question was terminated, while the male doctor in question was retained by Defendant Bristol

Hospital.

It is believed that had Defendant Bristol Hospital performed a cursory investigation into

the background of Defendant Oluwole, it would have discovered that he had engaged in similar

acts of sexual assaults, as well as, sexual harassment while he was in Pennsylvania, but prior to

this defendant availing its' unsuspecting female patients and employees to Defendant Oluwole's violent misconduct.

## FACTS

7.   On or around the week of  June 11, 2011, the plaintiff telephoned Defendant Oluwole and informed him that she was experiencing difficulty keeping food and fluids in her stomach, as result of a "lap band" procedure she had had performed in December 2009, by Dr. Macarrone.

8.   Dr. Macarrone had always worked at Defendant Bristol Hospital by assisting setting up the Bariatric Unit at Defendant Bristol Hospital, but after he had an angry exchange with Defendant Oluwole, he left and went to Saint Mary's Hospital in Waterbury.

9.   The Plaintiff's medical insurance at Defendant Bristol Hospital did not permit her to "follow" Dr. Macarrone to Saint Mary's for follow up treatment, without incurring additional out of pocket charges.  Under these circumstances, the Plaintiff was required to use a doctor from Defendant Bristol Hospital.  This doctor was Defendant Oluwole.

10. Around April 2011, the Plaintiff became a patient of Defendant Oluwole with respect to continued treatment surrounding her lap band procedure that had been performed by Dr. Macarrone in December 2009.

11.  On or around June 11, 2011, the Plaintiff called Defendant Oluwole and complained that she had been experiencing problems keeping food and fluids in her stomach.  Based on the Plaintiff's complaint, Defendant Oluwole ordered the Plaintiff to meet him at Bristol Hospital's

Operating Room.

12. On information and belief when the Plaintiff met Defendant Oluwole at Bristol Hospital Operating Room, he told her he did not have a needle which was necessary to remove the fluids which had been causing her pain and discomfort.

13. On information and belief, Defendant Oluwole then ordered the Plaintiff to accompany him to his office which is located on the Bristol grounds, so he could fetch the needle necessary to relieve the pain and fluids resulting from the lap band procedure which had been performed on her by Dr. Macarrone in December 2009.

14. When the Plaintiff got to Defendant Oluwole's office, and as she was walking through the door with him, he grabbed her arm and pulled her towards his body and attempted to kiss her.  Despite the Plaintiff's weakened state, and despite her pain and discomfort caused by the buildup of fluids in her stomach, the plaintiff was able to pull away from Defendant Oluwole's unwelcome sexual assault.  At no point did the plaintiff believe that Defendant Oluwole would have attempted to assault her again.

15. A short time later, the Plaintiff walked into Defendant Oluwole's office and he ordered her to lie on an examining table on her back.

16. To provide easy access to the lap band port around the Plaintiff's stomach area, the Defendant Oluwole asked the Plaintiff to unzip her pants.

17. Immediately after the Plaintiff had unzipped her pants and while she was lying on the examining table on her back, Defendant Oluwole brutally and violently grabbed her by the hair and yanked her mouth unto his erect penis.  The Plaintiff was shocked by the Defendant's

conduct and tried to move her head away from his penis, but the Defendant "yanked her head back on his penis a second time, and thereafter inserted his finger into her vagina, and then into her anus."

18. All the while the Plaintiff's head was firmly held in place by Defendant Oluwole grasping her hair and pulling her head onto his erect penis.

19. The Defendant did not "complete" his reprehensible and violent sexual assault, but all the while immediately after the sexual assault, Defendant Oluwole exhibited the presence of mind to fetch the needle and withdrew the excess fluids that had caused the Plaintiff's pain and discomfort, while she laid on the "table in a state of shock."

20. After the Defendant had withdrawn the fluids from the Plaintiff's stomach, he ordered her to get dressed, and she did.

21. At all time, the Plaintiff was shocked by Defendant Oluwole's conduct.

22. After Defendant Oluwole had completed the medical procedure on the Plaintiff, he then casually walked through the door of the examining room and went down a hallway.

23. Thereafter, as the Plaintiff was walking out of the Defendant Oluwole's office, she saw him in an office down the hallway from the examining room where she had just been violently assaulted.

24. All the while, the Plaintiff was well aware that another female employee at Defendant Bristol Hospital was terminated from its' employment after she had jointly and voluntarily engaged in a sexual act with a male doctor.  In that instance the female employee was terminated while the male doctor was retained by Defendant Bristol Hospital.

25. On information and belief, defendant Bristol Hospital has maintained a sexually charged work environment where sexual acts are openly discussed among employees.

26. On information and belief, Defendant Oluwole was reprimanded in or around 2010 for sexual misconduct, but his employment was not terminated by defendant Bristol Hospital, nor was he placed under closer supervision by his superiors.

27. Defendant Bristol Hospital could have conducted a thorough investigation into the background of Defendant Oluwole, which would have revealed that he had engaged in similar bad misconduct at other medical facilities.

28. The Defendant Bristol Hospital owed a duty to the employees at its' facility to be free from sexual harassment, and violent sexual assaults, but it failed to perform the necessary investigation which would have prevented the violent assault upon the Plaintiff's person.

29. At all times relevant to this complaint, the Defendant Bristol, Hospital by and through its agents, supervisors, managers and directors subjected the Plaintiff to a severe, pervasive, sexually charged, and hostile work environment.

30.  At all times relevant to this complaint, the Defendant Bristol Hospital encouraged and maintained a hostile work environment through its' agents, supervisors, managers and directors the Plaintiff  and other similarly situated employees to various tortuous acts including assault and battery.

**COUNT ONE, MAINTAINING A SEXUALLY HOSTILE WORK ENVIRNMENT AS AGAINST DEFENDANT BRISTOL HOSPITAL .**

31. Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 30, as if fully set forth herein.

32. At all times relevant herein, Defendant Bristol Hospital has been an employer for purposes of 42 U.S.C. §§ 2000, et seq., having 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

33. That Defendant Bristol Hospital has maintained, and continues to maintain a sexually charged work environment where explicit sexual acts are openly discussed by employees and supervisors alike.

34. In other instances, employees have engaged in sexual relations with their supervisors and managers.

35. On information and belief, in one instance, this sexually charged work environment led to the termination of one female employee under circumstances where the similarly offending male doctor was not reprimanded nor disciplined for his conduct.

36. But for Defendant Bristol Hospital's maintaining a sexually charged and hostile work environment, the Plaintiff has now suffered injury.

37. As a direct and proximate result of the aforementioned tortuous assault, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

38. As a direct and proximate result of the aforementioned sexual assault and battery the

plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic

damages, and continues to experience emotional pain and suffering, which has now obligated her

to expend sums of monies for medical care and attention in an effort to cure herself of her

injuries, and to alleviate her pain and suffering, emotional distress, mental anguish,

embarrassment and humiliation.

39. The Defendants Bristol Hospital and supervisors, managers, officials, agents, and

representatives, violated or interfered with rights secured to the Plaintiff by Title VII, 42 U.S.C.

§§ 2000, et seq., as amended by the Civil Rights Act of 1991, by a pattern and practice of

disparate treatment of Plaintiff in the terms, conditions and privileges of employment on the

basis of his her sex, in one or more of the following ways:

40. Selectively enforcing rules and requirements for employee conduct against Plaintiff

and other similarly situated female employees;

41. Maintaining a severely hostile work environment, and denying Plaintiff the right to be

free from harassment on the job;

42. Creating and maintaining a workplace environment at the Defendant Bristol Hospital

hostile to females;

43. Not adequately training, supervisors, managers, officials, agents, and representatives

of Defendants Bristol Hospital with regard to the right to equal employment opportunities and

treatment in accordance with law;

44. Not adequately supervising employees, supervisors, managers, officials, agents, and

representatives of Defendants Bristol Hospital with regard to the right to equal employment

opportunities and equal treatment in accordance with law;

45.  Not adequately disciplining employees, supervisors, managers, officials, agents, and representatives of the Defendants for violating the right to equal employment opportunities and equal treatment in accordance with law;

46. Not promulgating, maintaining and enforcing adequate, meaningful and effective policies and procedures for employees and patients to complain of violations of their right, and for investigation, and discipline in the event of such complaints;

47. Not maintaining and enforcing adequate, meaningful and effective policies and procedures for employees to complain of unlawful sexual harassment and retaliation, and for investigation and discipline of perpetrators in response to such complaints;

48. As a direct and proximate result of said unlawful, sexual harassment and retaliation, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

49. As a direct and proximate result of said unlawful discrimination, harassment and retaliation, Plaintiff's career has been impeded and impaired.

50. As a direct and proximate result of said unlawful discrimination, sexual harassment and retaliation, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

51. As a direct and proximate result of said unlawful discrimination, sexual harassment and retaliation, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

52. As a direct and proximate result of said unlawful discrimination, sexual harassment and retaliation, Plaintiff must incur substantial costs and attorney's fees to seek appropriate

redress.

## COUNT TWO, BATTERYAS AGAINST DEFENDANT OLUWOLE .

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 52, as if fully set forth herein.

53. On or around June 11, 2011, Defendant Oluwole intentionally placed the Plaintiff in imminent apprehension when he grabbed her arm at his office door and attempted to kiss her.

54.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

55.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

56.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT THREE, ASSAULT AS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 56, as if fully set forth herein.

57.     On or around June 11, 2011, Defendant Oluwole intentionally placed the Plaintiff in imminent apprehension when he grabbed her arm at his office door and attempted to kiss her.

58.     As direct and proximate result of the aforementioned tortuous assault, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

59.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

60.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT FOUR, BATTERYAS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1

through 60 as if fully set forth herein.

61.     On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful contact with the Plaintiff's person by physically grabbing her at the door to his office building and attempting to kiss her.

62.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

63.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

64.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT FIVE, BATTERYAS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 64 as if fully set forth herein.

65.     On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful

contact with the Plaintiff's person by physically grabbing her head at once and placing her head upon his erect penis while she laid upon an examining table at his office in pain.

66.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

67.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

68.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT SIX, BATTERYAS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 68 as if fully set forth herein.

69.     On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful contact with the Plaintiff's person by physically  and violently grabbing her head on a second

occasion and placed her head upon his erect penis while she laid upon an examining table at his office in pain.

71.     That during the course of the battery, the Defendant violently and brutally wrestled the Plaintiffs head by grabbing her hair and yanked it unto his erect penis because she had resisted his first attempt.

71.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

72.     As a direct and proximate result of the aforementioned battery, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

73.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT SEVEN, BATTERY AS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 73 as if fully set forth herein.

74.      On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful

contact with the Plaintiff's person by physically inserting his finger in her vagina while he held

and yanked her by the hair and inserted his erect penis into her mouth, while she laid upon an

examining table at his office in pain.

75.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff

has sustained pain and suffering, serious psychological injury, emotional distress, mental

anguish, embarrassment and humiliation.

76.     As a direct and proximate result of the aforementioned sexual assault and battery

the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other

economic damages, and continues to experience emotional pain and suffering, which has now

obligated her to expend sums of monies for medical care and attention in an effort to cure herself

of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish,

embarrassment and humiliation.

77.     As a result of Defendant Oluwole's violent and reprehensible conduct, the

Plaintiff has been unable to pursue her usual activities and employment due to the physical,

psychological, and emotional injuries and damages she has suffered.

**COUNT EIGHT, BATTERYAS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1

through 77 as if fully set forth herein.

78.      On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful

contact with the Plaintiff's person by physically inserting his finger into her anus while he held

and yanked her by the hair and inserted his erect penis into her mouth, while she laid upon an examining table at his office in pain.

79.     As direct and proximate result of the aforementioned tortuous battery, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

80.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

81.     As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT NINE, FALSE IMPRISONMENT AS AGAINST DEFENDANT OLUWOLE .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 81 as if fully set forth herein.

82.     On or around June 11, 2011, Defendant Oluwole intentionally confined the Plaintiff in his office under circumstances where he violently grabbed and held head upon his

18

erect penis, and where she was not free to leave.

83.    That the Defendant committed the aforementioned actions and thereby confined the Plaintiff without consent or privilege.

84. That the aforementioned confinement was without probable cause or privilege.

85.    That the Defendant's confinement was for purposes of assaulting, battering, and sexually harassing the Plaintiff.

86.    That the Defendant's examining table where the Plaintiff laid constituted a bounded and closed area.

87.    That the Plaintiff did not have a reasonable means of escape based on the Defendant's conduct.

88.    As direct and proximate result of the aforementioned tortuous confinement, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

89.    As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

90.    As a result of Defendant Oluwole's violent and reprehensible conduct, the Plaintiff has been unable to pursue her usual activities and employment due to the physical,

19

psychological, and emotional injuries and damages she has suffered.

## COUNT TEN, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANT OLUWOLE.

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 90 as if fully set forth herein.

91.     On or around June 11, 2011, as a result of Defendant Oluwole intended and did intentionally or recklessly caused The Plaintiff to suffer emotional distress when he violently grabbed and held head upon his erect penis, under circumstances where she was not free to leave.

92.     As direct and proximate result of the aforementioned violent and tortuous conduct, the Plaintiff has suffered and continues to suffer severe emotional distress for which she is entitled to an award of damages.

93.     That as a result of the Defendant's violent and tortuous conduct, the Plaintiff has been absent from work because of various emotional ailments she has developed.

94.     As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

95.     As a result of Defendant Oluwole's violent and reprehensible conduct, the

Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT ELEVEN, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANT OLUWOLE.**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 95 as if fully set forth herein.

96.     On or around June 11, 2011, as a result of Defendant Oluwole breach the professional duty he owed the Plaintiff by engaging in acts which caused her serious emotional injury.

97.     That the Plaintiff suffered emotional distress when the Defendant violently grabbed and held the Plaintiff's head upon his erect penis, under circumstances where she was not free to leave.

98.     That Defendant Oluwole's negligent conduct was the cause of the Plaintiff's serious emotional distress.

99.     As direct and proximate result of the aforementioned violent and tortuous conduct, the Plaintiff has suffered and continues to suffer severe emotional distress for which she is entitled to an award of damages.

100.    That as a result of the Defendant's violent and tortuous conduct, the Plaintiff has been absent from work because of various emotional ailments she has developed.

101.    As a direct and proximate result of the aforementioned sexual assault and battery

the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other

economic damages, and continues to experience emotional pain and suffering, which has now

obligated her to expend sums of monies for medical care and attention in an effort to cure herself

of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish,

embarrassment and humiliation.

102.    As a result of Defendant Oluwole's violent and reprehensible conduct, the

Plaintiff has been unable to pursue her usual activities and employment due to the physical,

psychological, and emotional injuries and damages she has suffered.

**COUNT TWELVE, NEGLIGENTLY HIRE AS AGAINST DEFENDANT
BRISTOL HOSPITAL .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1

through 102 as if fully set forth herein.

103.    On or around 2010, Defendant Bristol Hospital owed a duty of care to the female

employees at the hospital by its failure to uncover the fact that he had committed acts of sexual

harassment and assault at his previous places of employment, thereby availing the unsuspecting

female staff at Bristol Hospital to his battery, and his sexually depraved propensities.

104.    That Defendant Bristol Hospital breached that duty when it hired Defendant

Oluwole without performing a thorough investigation into his background.

105.    Had Defendant Bristol Hospital acted unreasonably by its' failure to conduct even

a cursory investigation into Defendant Oluwole's background, where it would have learned that

Defendant Oluwole had engaged in sexually harassing conduct at his previous employers in Pennsylvania.

106.    Defendant Bristol Hospital failed to use reasonable care to protect against a foreseeable sexual assault against the Plaintiff by its' failure to conduct a thorough investigation into his background, especially as here where it may have been alerted to Defendant Oluwole's potential for future sexually harassing conduct.

107.    But for Defendant Bristol Hospital's negligent conduct, the Plaintiff would not have been assaulted, battered, or falsely imprisoned by Defendant Oluwole.

108.    As direct and proximate result of the aforementioned negligence, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

109.    As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

110.    As a result of Defendant Bristol Hospital's negligence, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT THIRTEEN, NEGLIGENTLY HIRE AS AGAINST DEFENDANT BRISTOL HOSPITAL .**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 110 as if fully set forth herein.

111.    On or around 2010, Defendant Bristol Hospital owed a duty of care to the female employees at the hospital by its hire and subsequent failure to properly supervise him.

112.    That Defendant Bristol Hospital breached that duty when it negligently hired Defendant Oluwole without performing a thorough investigation into his background.

113.    The Defendant Bristol Hospital breached its' duty when it had cause to reprimanded Defendant Oluwole for his misconduct, but where it thereafter failed to more closely supervise his conduct.

114.    Defendant Bristol Hospital failed to use reasonable care to protect against a foreseeable sexual assault against the Plaintiff by its' failure to more closely supervise Defendant Oluwole's conduct, especially as here where it may have been alerted to Defendant Oluwole's potential for future sexually harassing conduct.

115.    But for Defendant Bristol Hospital's negligent conduct, the Plaintiff would not have been assaulted, battered, or falsely imprisoned by Defendant Oluwole.

116.    As direct and proximate result of the aforementioned negligence, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

117.    As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

118.    As a result of Defendant Bristol Hospital's negligence, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT FOURTEEN, NEGLIGENCE AS AGAINST DEFENDANT BRISTOL HOSPITAL FOR FAILURE TO TRAIN ITS SUPERVISORS ON SEXUAL HARASSMENT IN THE WORKPLACE.**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 118 as if fully set forth herein.

119. On or around 2010, Defendant Bristol Hospital owed a duty of care to all its employees, male and females on the seriousness of sexual harassment in the work place.

120. The Defendant Bristol Hospital breached its' duty by its' failure to train its' supervisors and management personnel on the seriousness of sexual harassment in the work place.

121. Defendant Bristol Hospital failed to use reasonable care to protect against a foreseeable sexual assault against the Plaintiff by its' failure to more closely supervise Defendant

Oluwole's conduct, especially as here where it may have been alerted to Defendant Oluwole's potential for future sexually harassing conduct.

122. But for Defendant Bristol Hospital's negligent conduct, the Plaintiff would not have been assaulted, battered, or falsely imprisoned by Defendant Oluwole.

123. As direct and proximate result of the aforementioned negligence, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

124.    As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

125.    As a result of Defendant Bristol Hospital's negligence, the Plaintiff has been unable to pursue her usual activities and employment due to the physical, psychological, and emotional injuries and damages she has suffered.

**COUNT FIFTEEN,  NEGLIGENCE AS AGAINST DEFENDANT BRISTOL HOSPITAL BY AND THROUGH ITS' AGENT/ SUPERVISOR DEFENDANT OLUWOLE**

Plaintiff incorporates by reference herein the allegations set forth in the preceding paragraphs 1 through 125, as if fully set forth herein.

126. At all times relevant herein, Defendant Bristol Hospital has been an employer for purposes of 42 U.S.C. §§ 2000, et seq., having 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

127.   That Defendant Bristol Hospital has maintained, and continues to maintain an objectively severe and sexually charged work environment where explicit sexual acts are openly discussed by employees and supervisors alike.

128.   On or around June 11, 2011, Defendant Oluwole intentionally inflicted a harmful and unwanted contact with the Plaintiff's person by physically grabbing her at the door to his office building and attempting to kiss her.

129.   In another instance on the same day, this defendant grabbed the plaintiff's by the hair and forced her mouth upon his erect penis, while he inserted his finger into the vagina and the anus of the plaintiff.

130.   At all times relevant to this incident, Defendant Oluwole was acting within the scope of his duties and responsibilities as a supervisor at Defendant Bristol Hospital.

131.   As a direct and proximate result of the aforementioned tortuous assault, the Plaintiff has sustained pain and suffering, serious psychological injury, emotional distress, mental anguish, embarrassment and humiliation.

132.   As a direct and proximate result of the aforementioned sexual assault and battery the plaintiff was forced to endure, the Plaintiff has incurred medical expenses and other economic damages, and continues to experience emotional pain and suffering, which has now obligated her to expend sums of monies for medical care and attention in an effort to cure herself

27

of her injuries, and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

**WHEREFORE**, Plaintiff seeks the following relief:

    1.  Front pay and benefits pursuant to 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>. and the Civil Rights Act of 1991;

    2.  Compensatory damages pursuant to 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>. and the Civil Rights Act of 1991 alleged in Count One against the Defendant Bristol Hospital, and all other applicable counts;

    3.  Expectancy damages pursuant to the common law of the State of Connecticut.

    4.  Punitive damages pursuant to 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>. and the Civil Rights Act of 1991 alleged in Count One against The Defendant Bristol Hospital ;

    5.  Interest at the prevailing statutory rate from the date such sums would have been due and owing or accrued, on all money damages on all Counts and claims herein;

    6.  Costs, expert witness fees, and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>. and the Civil Rights Act of 1991 alleged in Count One against Defendants Bristol Hospital City and Water department; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against Defendants City and Water Department in their personal capacities;

    7.  Declaratory relief, declaring that the acts of the City and Water Department alleged in Count One constitute discrimination, sexual harassment and/or retaliation in employment on the basis of sex in violation of 42 U.S.C. § 2000e, <u>et</u> <u>seq.</u>, and that the acts, policies, practices, and customs of the defendants deprived Plaintiff of federal rights;

    8.  Injunctive relief against all defendants as this Court may deem appropriate,

including:

       9.   An order that each defendant shall fully comply with the provisions of 42 U.S.C. §

2000e, et seq., and the Connecticut Fair Employment Practices Act regarding employment,

violation of which order by any defendant shall be remedied by payments to the Plaintiff;

       10. Such other relief in law or equity as this Court may deem appropriate.


                          **FOR THE PLAINTIFF,**


Dated:  June 10, 2013           BY___/S/_____
                            Richard C. Gordon, Esq.,
                            34 Jerome Avenue, Suite 212
                            Bloomfield, CT 06002
                            Fed Bar No.: 27288
                            (860) 534-0547
                            (860) 656-6889

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        :
**LAURA HENRY**                         :          NO:
    **Plaintiff**    :
                                        :
    **v.**           :          **TRIAL BY JURY DEMANDED**
                                        :
**BRISTOL HOSPITAL INC.;**              :
**OLAKUNLE OLUWOLE, MD**                :
**IN HIS INDIVIDUAL CAPACITY,**         :
**AND IN HIS OFFICIAL CAPACITY;**       :
**JOHN DOE, JANE DOE; AND OTHER**       :
**UNNAMED** INDIVIDUALS,                :
                                        :
    **Defendants.**  :          **JUNE 10, 2013**
_____


     Plaintiff seeks a jury trial on all counts and all questions of fact and law of his

Complaint.

                 **FOR THE PLAINTIFF,**


Dated:  June 10, 2013       BY_____/S/_____
                       Richard C. Gordon, Esq.,
                       34 Jerome Avenue, Suite 212
                       Bloomfield, CT 06002
                       Fed Bar No.: 27288
                       (860) 534-0547
                       (860) 656-6889

## <u>CERTIFICATION OF SERVICE</u>

The undersigned counsel certifies that a copy of the foregoing Complaint will be served upon the

Defendants by a State Marshall or a person over eighteen who does not have an interest in the

within matter within the time proscribed by the FRCP and Local Rules.

Dated:  June 10, 2013                    BY_____/S/_____
                                                     Richard C. Gordon, Esq.,
                                                     34 Jerome Avenue, Suite 212
                                                     Bloomfield, CT 06002
                                                     Fed. Bar No.: 27288
                                                     (860) 534-0547
                                                     (860) 656-6889