**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LAURA HENRY | : |
|   Plaintiff, | : |
| | : |
| v. | :  No.: 3:13-CV-00826(AVC) |
| | : |
| BRISTOL HOSPITAL, INC., | : |
| OLAKUNLE OLUWOLE, JOHN DOE, | : |
| JANE DOE; and OTHER UNNAMED | : |
| INDIVIDUALS | : |
|   Defendants. | : |

**RULING ON THE DEFENDANT'S MOTION TO QUASH SUBPOENAS, PRECLUDE USE OF DOCUMENTS, AND IMPOSE SANCTIONS AND ON THE PLAINTIFF'S MOTION TO COMPEL AND CROSS-MOTION FOR SANCTIONS**

This is an action seeking compensatory and punitive damages as well as equitable relief in which the complaint alleges, *inter alia*, that the defendant, Bristol Hospital, negligently hired and failed to train staff about sexual harassment, which led to the sexual assault and harassment of the plaintiff, Laura Henry. The complaint is filed pursuant to common law tenets concerning negligence.

On March 25, 2015, Bristol Hospital filed a motion to quash four subpoenas, to preclude use of improperly obtained documents, and to impose sanctions. On April 3, 2015, Henry filed an opposition along with a motion to compel Bristol Hospital to respond to discovery requests and to compel Bristol Hospital to present witnesses for depositions. Henry's motion also contained a cross-motion for sanctions.

For the following reasons, Bristol Hospital's motion to quash (document no. 59) is GRANTED and Henry's motion to compel (document no. 66) is DENIED.

**FACTS**

On September 9, 2013, Henry filed the amended complaint in this case. It alleges that Bristol Hospital employed Henry and that Henry was a patient of Dr. Oluwole as well. The amended complaint further alleges that on June 11, 2011, Dr. Oluwole sexually assaulted Henry during an office visit.

On April 15, 2014, Bristol Hospital filed a motion to quash eight subpoenas Henry served upon its legal department in which Bristol Hospital argued, *inter alia*, that the subpoenas were served without notice to Bristol Hospital. On June 9, 2014, the court granted, absent objection, the motion to quash.

On August 14, 2014, Henry served her first set of interrogatories and requests for production on Bristol Hospital. On October 23, 2014, Bristol Hospital provided Henry with its objections and responses. On December 2, 2014, Henry filed a motion to extend the discovery deadline that had expired on November 30, 2014. On January 7, 2015, the court granted in part the motion and extended the deadline to February 27, 2015.

On February 26, 2015, the parties met to depose five witnesses. At the first deposition, Henry's counsel, Attorney Richard Gordon, attempted to mark as an exhibit a document that

2

had not been produced during discovery.  Upon inquiring as to
the document's origin, Bristol Hospital claims that it became
aware for the first time of subpoenas that Henry sent to third-
parties, which sought the production of documents.  Henry
contends that on January 23, 2015, she provided Bristol Hospital
with notice of the third-party subpoenas, and Bristol Hospital's
counsel refused to accept the notice.

On February 27, 2015, Henry provided Bristol Hospital with
over 1200 documents that had not been produced previously,
including documents that Henry obtained over one month prior to
the depositions.[1]  Bristol Hospital states that the production of
these documents revealed four subpoenas that Henry sent to
third-parties, including 1) the University of Rochester Strong
Memorial Hospital, 2) Columbia University NY Presbyterian
Hospital, 3) Janice Mauriello at Tracy-Driscoll & Co., and 4)
the State of Connecticut Department of Public Health.  Moreover,
Bristol Hospital asserts that it recently became aware of two
additional subpoenas sent to third-parties, including 1) Terry
Cutler, an employee at Bristol Hospital, and 2) Sandra Castilla,
a vice president at Albany Medical Center.

Upon review of the record, it appears Henry issued at least
one additional subpoena on January 20, 2015, to Albany Medical

---

[1] Henry has stated that he obtained documents from the Department of Public
Health on January 15, 2015, through the use of a Freedom of Information Act
request.

Center.  In Henry's motion for default judgment (doc. no. 58),
she includes a letter from Albany Medical Center dated February
4, 2015, in which Sandra Castilla acknowledges that "Albany
Medical Center has received your subpoena dated 1/20/2015" and
that it "did not find any of the requested documents."

## DISCUSSION

### I.  Motion to Quash

Bristol Hospital argues that Henry "violated Rule 45(a)(4)
with respect to each of the four subpoenas at issue and that he
obtained document [sic] which were subject to discovery
objections through these improper subpoenas."  Henry responds[2]
that on January 23, 2015, a disinterested party, Niron Kennedy,
presented the subpoenas to Bristol Hospital, who rejected them.[3]
Henry attached an affidavit from Kennedy, stating:

> On Friday, January 23, 2015, I was asked to serve some
> subpoenas . . . upon James Shea, Esq., at Jackson
> Lewis . . . .  I informed Mr. Shea about the purpose
> of my visit at his place of business and he collected
> six subpoenas I had signed for purposes of serving
> them upon him.  At the time, I had two separate sets
> of subpoenas in two separate folders.  Mr. Shea looked

---

[2] Henry dedicates a significant portion of her memoranda to defending the
information garnered through Freedom of Information Act ("FOIA") requests.
That is not the issue, however.  The court notes, though, that Henry received
responsive documents from the FOIA requests starting on January 15, 2015, and
she failed to provide copies of the documents to opposing counsel until
February 27, 2015.

[3] Henry also makes a number of arguments that address the content of the
documents at issue and Bristol Hospital's alleged failure to comply with its
discovery obligations.  The content is not relevant for purposes of this
motion to quash, however.

> at the subpoenas I had in the first folder only, which
> contained the six subpoenas I had signed commanding
> witnesses from Bristol Hospital to testify. . . . Mr.
> Shea told me that "he was not accepting any subpoenas,
> or any papers from Mr. Gordon." . . . I left and
> returned both sets of subpoenas to Mr. Gordon.

In a reply memorandum, Bristol Hospital disputes that Kennedy delivered the notices.  It further argues that on February 6, 2015, Henry sent two additional subpoenas to third parties, Sandra Castilla and Terry Cutler, without providing notice.

A party may use a subpoena to command a person to produce documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii).  "If the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).  "The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Schweizer v. Mulvehill, 93 F. Supp.2d 376, 411 (S.D.N.Y. 2000).  As one court has noted, "[t]he law could not be clearer concerning an attorney's responsibility when issuing third-party subpoenas." Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 222 (W.D.N.Y. 2000).

Here, Kennedy's affidavit fails to state that Kennedy handed the deposition notices to Bristol Hospital's attorneys. Moreover, it is undermined by a number of other circumstances.

First, following the rejection of the subpoenas, Henry's counsel sent an e-mail to Bristol Hospital's counsel acknowledging his attempt to serve subpoenas for individual witnesses to testify.  Noticeably, Henry's counsel failed to mention anything about any notices of third-party subpoenas.

Second, the dates for the subpoenas contradict the assertion that on January 23, 2015, Kennedy provided notice to Bristol Hospital.  For example, a copy of the subpoena to "Columbia University NY Presbyterian Hospital Legal Department/Human Resources" bears Attorney Gordon's signature, which confirms that on January 20, 2015, he personally served the subpoena.[4]  Similarly, a review of the record indicates that on January 20, 2015, Henry issued a subpoena to Albany Medical Center.[5]  Moreover, four out of the six subpoenas at issue

---

[4] The court pauses to address a concerning inconsistency in this case.  An affidavit from Attorney Gordon attached to Henry's memorandum states that the subpoena to Columbia University dated January 20, 2015, was "not sent until January 23, 2015."  The attorney's affidavit contradicts the subpoena, which provides that Attorney Gordon served the subpoena on January 20, 2015.

[5] Even if Kennedy did provide notice on January 23, 2015——which the court maintains is not the case——Henry would still have violated Rule 45 with respect to these specific subpoenas.  Courts in this circuit have reasoned that Rule 45 "requires notice to all parties *before* service of the subpoena." Herrera-Mendoza v. Byrne, No. 3:05CV1195(RNC), 2006 WL 2838952, at *2 (D. Conn. Sept. 29, 2006) (emphasis added).  In fact, the notice that Henry served includes the following statement: "A notice and a copy of the subpoena must be served on each party in this case before it is served on the person

contain dates of issuance[6] after Kennedy's visit to Jackson Lewis.  Attorney Gordon's signature on these subpoenas indicates that he signed them on dates following Kennedy's visit.[7]

Third, the following exchange between the attorneys at a deposition highlights Henry's failure to notify Bristol Hospital of the subpoenas:

> MR. SHEA: I'm also concerned, did you subpoena these records?
> MR. GORDON: Yes.
> MR. SHEA: ***Did you provide me with the notices of the subpoena?***
> MR. GORDON: ***No.***
> MR. SHEA: Are you familiar with Rule 44 - -
> MR. GORDON: Yes, sir, I am.
> MR. SHEA: The notice requirement?
> MR. GORDON: Yes.
>
>         . . .
>
> MR. SHEA: How did you obtain documents from New York Presbyterian Hospital?
> MR. GORDON: Well, I'm not going to answer that, Mr. Shea.
> MR. SHEA: Did you subpoena those documents?
> MR. GORDON: I'm not going to answer it.

---

to whom it is directed."  Even notice provided to an opposing party three days after the service of the subpoena violates Rule 45.

[6] The following dates are attributable to the subpoenas: 1) January 26, 2015: Janice L. Mauriello; 2) February 6, 2015: Sandra Castilla; 4) February 6, 2015: Terry Cutler; and 4) February 10, 2015: Department of Public Health.

[7] To the extent that Henry argues that she provided notice of the subpoenas on January 23, 2015, and then did not issue the subpoenas until the respective dates on the subpoenas, the court simply is not convinced that that is the case.  For example, on January 20, 2015, Henry issued a subpoena to Albany Medical Center, which is not one of the original subpoenas at issue in this motion to quash.  Albany Medical Center responded to this subpoena with a letter dated February 4, 2015, stating that no responsive documents were found.  Henry then issued a subpoena dated February 6, 2015.  It does not make logical sense for Henry to give notice to Bristol Hospital on January 23, 2015, of the February 6 subpoena, if it did not yet know that the January 20 subpoena failed to produce responsive documents.

. . .

        MR. SHEA: Are you subpoenaing documents in
violation of the notice requirement for Rule 45?
        MR. GORDON: I've basically – I have stated – I
have given you my statement on the record, okay? If
you want, again, I will tell you that I have not
gotten any documents until the last couple of days,
okay, and all the documents I've received are derived
from the discovery that was turned over to me by
Bristol Hospital after January 22.  Okay?

Attorney Gordon admitted during the deposition that he failed to

provide Bristol Hospital with notice of the subpoenas even

though he knew of Rule 45's requirements.  The latter portion of

the colloquy provides evasive answers to a rather simplified

issue——whether Attorney Gordon subpoenaed documents in violation

of the notice requirement contained in Rule 45.

        The court concludes that the evidence in the record

demonstrates that Henry failed to provide Bristol Hospital with

notice of at least six subpoenas.[8]  Accordingly, Henry violated

the notice requirement contained in Rule 45.

---

[8] With respect to the Cutler subpoena, Henry argues that the parties
"discussed Ms. Cutler's appearance at a scheduled deposition . . . and they
consented to her being subpoenaed by Plaintiff."  Henry points to an e-mail
from Bristol Hospital's counsel stating, "Despite our efforts, Terry Cutler
will not agree to make herself available for a deposition.  You will have to
subpoena her.  I would suggest Friday after Mr. Madore."  The subpoena is
dated February 6, 2015, however, and the e-mail is dated February 19, 2015.
Therefore, Henry's argument fails because she sent this subpoena to Cutler
before Bristol Hospital made the suggestion to subpoena her.  In addition,
Henry's argument concedes, by inference, that she did not provide notice to
Bristol Hospital of this deposition on January 23, 2015.  Similarly, her
memoranda only argues that she provided notice of four subpoenas, and it does
not contend that she provided notice of the Cutler or Castilla subpoenas.

Bristol Hospital next argues that Henry's conduct "denied [Bristol Hospital's] rights to object to Plaintiff's subpoenas and to seek the protection of the Court."  In other words, Henry denied Bristol Hospital "the ability to move to quash Plaintiff's subpoenas or to otherwise protect the objections Bristol Hospital asserted in response to Plaintiff's interrogatories and requests for production."

A court is not required to quash a subpoena for lack of notice or untimely notice without considering prejudice to the aggrieved party.  See, e.g., Allison v. Clos-ette Too, L.L.C., No. 14cv1618(LAK)(JCF), 2015 WL 136102, at *6 (S.D.N.Y. Jan. 9, 2015); Zinter Handling, Inc. v. Gen. Elec. Co., No. 04-CV-500 (GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006); Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008). Indeed, while "[t]he requirement that *prior* notice must be given has important underpinnings of fairness and efficiency," Cootes Drive LLC v. Internet Law Library, Inc., No. 01CV0877(RLC), 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002), the Federal Rules of Civil Procedure are also "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.  To determine whether a party is prejudiced, courts look to a number of factors, including, but not limited to, "the period of delay in providing

9

notice, any pattern of noncompliance with rules of procedure, the conduct of the serving party if documents were obtained after untimely notice, and whether the subpoena is otherwise objectionable."  Zinter Handling, Inc. v. Gen. Elec. Co., No. 04-CV-500 (GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006).

Here, the factors weigh heavily in favor of prejudice. First, this is the second time that Henry has issued subpoenas without providing the requisite notice to Bristol Hospital's counsel.  On June 9, 2014, the court granted, absent objection, a motion to quash eight subpoenas that failed to provide notice. Henry's prior noncompliance with the rules of procedure weighs in favor of prejudice toward Bristol Hospital.

Second, Henry admits that Bristol Hospital's conduct throughout discovery "necessitated the Plaintiff's need to use subpoenas to procure some of the information at issue."  Henry also contends that Bristol Hospital failed to "provide Plaintiff's request for insurance information" during discovery, and, therefore, she subpoenaed the documents.  Such conduct prejudices Bristol Hospital and highlights Henry's desire to circumvent the discovery process.[9]  Rather than work with

---

[9] For example, on October 23, 2014, Bristol Hospital responded to Henry's discovery requests.  On January 8, 2015, Henry conducted a FOIA request to obtain any relevant documents in the Department of Public Health's possession.  Henry admits that on January 15, 2015 "[w]hen [she] received a response from DPH with respect to her FOI request, the termination letter *was*

opposing counsel to resolve discovery disputes or bring the dispute to the attention of the court, Henry mailed secret subpoenas to third-parties to obtain information.

Third, Bristol Hospital did not become aware of these subpoenas until a scheduled deposition, which prejudiced Bristol Hospital.[10]  This delay is underscored by the fact that Bristol Hospital only became aware of three other subpoenas upon review of the 1200 documents Henry provided to Bristol Hospital the next day.  Henry's conduct in attempting to utilize the subpoenaed documents at the deposition emphasizes the prejudice that Bristol Hospital suffered.

The court concludes that Henry prejudiced Bristol Hospital by attaining documents to which Bristol Hospital specifically objected.  Henry ignored the rules pertaining to discovery and attempted to use improperly obtained documents in an unfair manner.  Even if Henry believed that Bristol Hospital

---

*not* included."  On January 26, 2015, Henry received Dr. Oluwole's personnel file, which included a redacted termination letter.  On February 10, 2015, Henry issued a subpoena to the Department of Public Health, which revealed the full contents of the termination letter.  This example demonstrates that Henry circumvented the discovery rules to procure documents to which Bristol Hospital specifically objected or redacted, all while failing to provide Bristol Hospital with notice.

[10] Henry argues that she only received the documents a couple days before the depositions, and she did not have enough time to copy the documents to give to Bristol Hospital.  This argument fails, however, in light of a letter from Sandra Castilla dated February 11, 2015, which responds to the subpoena she received.  Henry had responsive documents from at least one non-noticed subpoena two weeks prior to the depositions.  It is worth mentioning as well that Henry obtained documents on January 15, 2015, in response to a FOIA request filed with the Department of Public Health.  If any of these documents were responsive to prior discovery requests, Henry was obligated to disclose them to opposing counsel.

unethically withheld information from discovery, she should have called the issues to the attention of the court as parties typically do in the form of a motion to compel.  Such blatant disregard for the Federal Rules of Civil Procedure prejudiced Bristol Hospital and should not be tolerated.

Accordingly, the motion to quash is GRANTED.  This ruling is based solely on Henry's failure to provide Bristol Hospital with notice, and it does not determine whether Henry can obtain the documents at issue through a motion to compel or other means of discovery.  Within thirty (30) days of this ruling, Henry shall return to the subpoena recipients any documents received pursuant to the subpoenas, and she is enjoined from keeping any copies.  Henry shall also provide to Bristol Hospital an inventory of all documents returned to the subpoena recipients. Upon review of the inventory, Bristol Hospital shall discard any copies.  If any other subpoenas have been issued of which Bristol Hospital is unaware, Henry shall bring them to the attention of the court or face disciplinary action.

## II.  Motion to Compel

Henry seeks the court to compel Bristol Hospital to make available five witnesses for depositions and to produce documents responsive to interrogatories dated August 14, 2014. Bristol Hospital has not responded specifically to this motion.

With respect to the interrogatories, Henry has not provided the specific interrogatories or objections at issue.[11]  Henry also does not state with any specificity her arguments for overruling the objections.  Rather, she merely states that "Bristol Hospital objected to . . . interrogatories, asserted nonexistent privileges, and term [sic] each question as overbroad, and irrelevant."  With respect to the depositions of the remaining five witnesses, Henry only argues that Bristol Hospital improperly cancelled the depositions scheduled for March 23, 2015.

The court concludes that Henry has not satisfied her burden in seeking an order to compel responses to the interrogatories.  See D. Conn. L. Civ. R. 37(b)(1).  The court further concludes that Bristol Hospital did not improperly cancel the depositions, especially in light of the issues giving rise to the motion to quash.  Therefore, Henry's motion to compel is DENIED.

**III.  Cross-Motions for Sanctions**

Bristol Hospital seeks "an award of monetary sanctions for the cost of the preparation of this Motion to Quash pursuant to the Court's inherent powers."  Specifically, it argues that Henry acted "without color" and "in bad faith" by "circumvent[ing] objections Defendant asserted in response to Plaintiff's discovery requests and then serv[ing] subpoenas,

---

[11] The court notes that Henry refers to interrogatories and attaches the responses as an exhibit.

13

without notice to Defendant and without producing the documents
upon receipt, in an effort to ambush Defendant's witnesses
during their depositions."

   Henry responds and maintains that it did not subpoena
documents without giving Bristol Hospital prior notice.  She
also argues that "Bristol Hospital has unclean hands and has
engaged in fraud" by redacting the termination letter and
cancelling depositions.  Henry further states that Bristol
Hospital delayed the production of Dr. Oluowle's personnel file.

   With respect to Henry's motion for sanctions, the court
concludes that Bristol Hospital has not engaged in any
misconduct warranting sanctions.  First, Henry fails to state
why Bristol Hospital's objections to discovery requests or
redactions amount to fraudulent conduct.  A motion for sanctions
on this ground is premature, especially in light of the fact
that Henry failed to adequately seek court action in compelling
the production of the full letter or responses to the requests.
Second, Henry's argument relating to delay in the production of
the personnel file is without merit.  The timeline of this case
suggests that any delay is the product of Henry's own failure to
sign a protective order.[12]  Moreover, Bristol Hospital did not
violate an order of this court by mailing the personnel files to

---

[12] On October 23, 2014, Bristol Hospital provided Henry with its discovery
responses and included a stipulated protective order.  Henry did not sign the
protective order until January 9, 2015.

Henry six days after the court adopted the protective order.[13]
Finally, by cancelling the depositions scheduled for March 23,
2015, Bristol Hospital did not engage in sanctionable conduct.
Accordingly, Henry's motion for sanctions is DENIED.

With respect to Bristol Hospital's motion for sanctions,
the court concludes that Henry shall pay the reasonable
attorney's fees and costs associated with filing and responding
to the within motion to quash.  Pursuant to its inherent powers,
"a court may assess attorney's fees when a party has 'acted in
bad faith, vexatiously, wantonly, or for oppressive reasons.'"
Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); see also
Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D.
220, 222-23 (W.D.N.Y. 2000).  Particularly relevant to this
case, courts may impose sanctions on a party for failure to
provide the opposing party with notice of a third-party
subpoena.  See Phillips v. Berlex Labs., Inc., No.
3:05CV81(CFD)(TPS), 2006 WL 1359124, at *1 (D. Conn. May 11,
2006).  "[W]hen an attorney misuses his or her power under Rule
45 to command a non-litigant to produce documents in a lawsuit
to which he or she is a stranger by failing to give appropriate
notice to the parties, public confidence in the integrity of the
court processes is eroded."  Murphy, 196 F.R.D. at 222

---

[13] On January 16, 2015, the court adopted the protective order as an order of
the court.  On January 22, 2015, Bristol Hospital mailed the personnel file
to Henry.

(alteration in original) (quoting <u>Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.</u>, 190 F.R.D. 372, 380 (D. Md. 1999)). "When imposing sanctions pursuant to its inherent powers, the district court must find that the conduct in question was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" <u>Murphy v. Bd. of Educ. of Rochester City Sch. Dist.</u>, 196 F.R.D. 220, 224 (W.D.N.Y. 2000) (quoting <u>Schlaifer Nance & Co., Inc. v. Estate of Warhol</u>, 194 F.3d 323, 334 (2d Cir. 1999)).

As discussed above, Rule 45 plainly outlines its notice requirement and Attorney Gordon admitted his familiarity with the rule. All evidence points to the fact that Henry issued these subpoenas to circumvent the discovery process and obtain documents that it believed Bristol Hospital unethically withheld. Henry deliberately violated Rule 45 to obtain and review documents without Bristol Hospital knowing and before Bristol Hospital could object. Henry then attempted to use such documents in an effort to surprise a witness at a deposition. The court concludes that Henry issued the subpoenas without a colorable basis and in bad faith. Accordingly, Bristol Hospital's motion for sanctions is GRANTED.

Henry is hereby ordered to pay Bristol Hospital's reasonable expenses incurred, including attorney's fees, in preparing, filing, and responding to the within motion to quash.

16

Bristol Hospital's counsel shall submit an affidavit to this court within thirty (30) days of this ruling, documenting and itemizing the time for which compensation is sought, the hourly rates requested, and any expenses incurred.  Henry may respond to this affidavit within fourteen (14) days.

**CONCLUSION**

Based upon the foregoing, Bristol Hospital's motion to quash and motion for sanctions (document no. 59) is GRANTED, and Henry's motion to compel and cross-motion for sanctions (document no. 66) is DENIED.  In light of the discovery-related motions filed with this court, the parties shall reevaluate any discovery responses made thus far and supplement responses as necessary.  If a party remains unsatisfied with the opposing party's responses, it can file a motion to compel that addresses specific interrogatories or requests for production.  Finally, the parties shall meet and confer to coordinate a time to depose any remaining witnesses.

So ordered this 1st day of June, 2015 at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge

17