# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA HENRY,<br>    Plaintiff,<br><br>v.<br><br>BRISTOL HOSPITAL, INC., et al.,<br>    Defendants. | No. 3:13-cv-00826 (SRU) |

## RULING ON MOTION TO RECONSIDER

Defendant Dr. Olakunle Oluwole ("Dr. Oluwole") has moved for relief from the order of this court denying his motion to set aside default judgment. For the reasons stated below, Dr. Oluwole's motion (doc. no. 286) is **denied**.

Rule 60 grants courts the discretion to set aside a final judgment in "exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). The Rule provides that a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Dr. Oluwole raises two grounds in support of his motion: (1) setting aside the default judgment against him would not prejudice the plaintiff, Laura Henry ("Henry"), and (2) the court failed to consider other equitable factors when denying his motion to set aside default judgment. Here, Dr. Oluwole fails to show that "exceptional circumstances" justify relief.

Henry filed her initial complaint on June 10, 2013. *See* Doc. No. 1. After failing to respond, a default judgment was entered against Dr. Oluwole on September 22, 2015. Doc. No. 100. Dr. Oluwole did not make an appearance until August 7, 2018, nearly three years after entry of the default judgment. *See* Doc. No. 246. For the last four years, Henry has litigated her action in Dr. Oluwole's absence. She has completed discovery and prepared her case for trial against remaining defendant Bristol Hospital without anticipating that she would prosecute her claims against Dr. Oluwole. Thus, setting aside the default judgment entered against Dr. Oluwole at this stage would prejudice Henry.

Moreover, Dr. Oluwole's motion does not identify any new equitable factors not previously discussed in the original ruling. He argues that the existence of a potentially meritorious defense constitutes an equitable factor the court may consider. Dr. Oluwole's five-year delay asserting a potentially valid defense, however, does not present the kind of "extraordinary" circumstance that mandates relief to avoid an "extreme and undue hardship." *See Gollust*, 909 at 731–32.

For the foregoing reasons, Dr. Oluwole's motion is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge