# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA HENRY,<br>　　　　Plaintiff, | No. 3:13-cv-00826 (SRU) |
| 　　　v. | |
| BRISTOL HOSPITAL, INC., et al.,<br>　　　　Defendants. | |

## RULING ON MOTION TO QUASH SUBPOENA

Tracy Driscoll & Co., Inc. ("Driscoll") moves to quash a subpoena served by the plaintiff, Laura Henry ("Henry") in advance of a hearing on damages. In the subpoena, Henry seeks "[a]ll Documents related to Dr. Oluwole's Medical Insurance, liability insurance, and all other insurance documents that were in effect from August 17, 2009 through December 31, 2018." Driscoll Subpoena, Doc. No. 365-4 at 2. Driscoll, a non-party witness, argues, *inter alia*, that production of the subpoenaed documents is unduly burdensome and irrelevant to the issues pertinent to the damages hearing.

For the following reasons, Driscoll's motion (doc. no. 365) is **granted**.

### I.　　Discussion

In its motion, Driscoll argues that the documents Henry seeks are not relevant to the amount of potential damages attributable to Dr. Oluwole. *See* Driscoll's Mem. in Supp. Mot. to Quash, ("Driscoll's Mot."), Doc. No. 365-1 at 5. I agree.

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45. "Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of

the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Travelers Indem. Co. v. Metro. Life Ins. Co*., 228 F.R.D. 111, 113 (D. Conn. 2005) (quoting *United States v. Int'l Bus. Machines Corp*., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). When a subpoena is served on a non-party, "courts . . . give special weight to the burden on non-parties of producing documents to parties involved in litigation." *Id.* (citing *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998)) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

In this case, Henry seeks documents regarding Dr. Oluwole's medical liability coverage. *See generally* Driscoll Subpoena. Driscoll's insurance policies, however, are irrelevant to determining the amount of damages attributable to Dr. Oluwole for his admitted conduct.[1] In her Fourth Amended Complaint, Henry seeks damages from Dr. Oluwole for numerous claims, including false imprisonment (Count Ten), intentional infliction of emotional distress (Count Eleven), negligent infliction of emotional distress (Count Twelve), and negligence (Count Fifteen). *See generally* Fourth Am. Compl., Doc. No. 90.

"In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Torcasio v. New Canaan Bd. of Ed*., 2016 WL 312102, at *2 (D. Conn. Jan. 26, 2016) (quoting *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011)).

---

[1] "When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc*., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992)).

Because the information Henry seeks is neither relevant nor material to the claims asserted in the

Fourth Amended Complaint, Driscoll's motion to quash is **granted**.[2]

## II.     Conclusion

For the reason stated above, Discoll's motion to quash the subpoena (doc. no. 365) is

**granted**.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of March 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] Even if the requested documents were somehow relevant, Henry's subpoena request is overbroad.  She seeks documents from a period beginning on August 17, 2009 through December 31, 2018.  Driscoll Subpoena at 1.  In her Fourth Amended Complaint, she alleges that she was initially harmed by Dr. Oluwole on June 11, 2011.  *See* Fourth Am Compl. at ¶ 146.  She further alleges that Dr. Oluwole continued to harass her until his termination from Bristol Hospital on October 2, 2012.  *See* Doc. No. 237-14 at 3.  Thus, the relevant time period is June 11, 2011 through October 2, 2012.