UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA HENRY,<br>     Plaintiff,<br><br>          v.<br><br>OLAKUNLE OLUWOLE,<br>     Defendant. | No. 3:13-cv-826 (SRU) |

## ORDER ON MOTION FOR RECONSIDERATION

Laura Henry ("Henry") has filed a motion for reconsideration of my previous order declining to award certain damages in conjunction with entering default judgment against Dr. Olakunle Oluwole ("Dr. Oluwole"). For the reasons that follow, Henry's motion for reconsideration is **denied**.

### I.     Background

As discussed in further detail in the challenged order, the procedural history of this 2013 case is both long and complex. Relevant for purposes of this motion, in 2015, United States District Judge Alfred V. Covello granted Henry's motion for default judgment against Dr. Oluwole and entered default judgment with respect to liability on the First Amended Complaint.[1] *See* Doc. Nos. 100, 103. In that complaint, Henry raised a number of claims against Bristol Hospital and against Dr. Oluwole, including claims for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.[2] *See* Am. Compl.,

---

[1] As noted, some of my previous orders incorrectly refer to the Fourth Amended Complaint; however, the First Amended Complaint is the operative complaint. *See* Doc. No. 100; 103.

[2] Although later iterations of the complaint make clear that the negligence claim was asserted against Dr. Oluwole, it is somewhat unclear from the allegations in the First Amended Complaint (or Judge Covello's order entering default judgment) whether the negligence claim was raised against both defendants. *See* Doc. No. 8 at ¶¶ 126-132. To the extent that my previous order was unclear, although I declined to vacate that count because it was not inconsistent with the jury's verdict, I did not award damages for negligence due to that lack of clarity.

Doc. No. 8. Although Judge Covello granted the motion for default judgment with respect to liability, he postponed consideration of damages pending the outcome of Henry's claims against non-defaulting defendants in the action. *See* Doc. No. 104.

In 2019, after the case was transferred to my docket, Henry's claims against Bristol Hospital proceeded to trial. After the jury found in favor of Bristol Hospital, I modified the default judgment by vacating the counts that were directly inconsistent with the jury's verdict. I subsequently held three separate hearings, during which Henry presented evidence to substantiate her demand for damages.[3] Dr. Oluwole, who has been participating in the action through counsel since 2018, was present during each of those hearings, and contested the award of any damages following the verdict in favor of Bristol Hospital.

On September 28, 2021, I issued an order granting in part and denying in part Henry's demand, awarding $100,000 in compensatory damages for emotional distress.[4] *See* Doc. No. 420. Henry now moves for reconsideration of that order.

**II.     Standard of Review**

Although Henry does not cite to the Federal Rules of Civil Procedure at any point in her memorandum, she refers to her motion as a "Motion for Reconsideration" rather than a motion

---

[3] In her supplemental brief following the third and final damages hearing, Henry additionally appeared to seek leave to either amend the complaint or file supplemental pleadings to address conduct that had allegedly occurred between 2015 and 2018 (although it was unclear). I denied that request on the basis that default judgment had already entered; moreover, Henry had not sought leave to amend or supplement her pleadings until nearly three years after the last incident allegedly occurred. *See, e.g., Klein v. PetroChina Co.*, 644 F. App'x 13, 15 (2d Cir. 2016); *Weeks v. N.Y. State*, 273 F.3d 76, 88 (2d Cir. 2001).

[4] In her request for relief in the First Amended Complaint, Henry sought damages pursuant to Connecticut state law, and additionally specified that she was seeking damages for emotional distress and medical expenses in the claims raised against Dr. Oluwole. Accordingly, although she did not seek a sum certain, the damages awarded do not differ in kind from those demanded in the pleadings for purposes of Federal Rule of Civil Procedure 54(c). *See, e.g., Silge v. Merz,* 510 F.3d 157, 162 n.4 (2d Cir. 2007) ("in certain circumstances, 'a trial judge may enter a default judgment even though a plaintiff's claim is not for a sum certain.'") (quoting *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 611 (7th Cir. 1980)); *see also Pauta v. Aena Mech. Corp.*, 2014 U.S. Dist. LEXIS 108683, at *4 (S.D.N.Y. July 25, 2014) ("Courts may award damages in the absence of an ad damnum clause articulating a sum certain, so long as those damages do not depart from the type of relief sought in the complaint.").

for relief from judgment. *See* Doc. Nos. 424, 436. She additionally filed her motion within twenty-eight days of the entry of judgment and appears to challenge the merits of that order. *See* Doc. No. 436. Accordingly, her motion is most reasonably construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (a motion to alter or amend judgment) rather than a motion for relief from a final judgment pursuant to Rule 60(b). *Compare* Fed. R. Civ. P. 59(e) *with* Fed. R. Civ. P. 60; *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits") (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)).

In this Circuit, a litigant who seeks reconsideration of an order or judgment faces a difficult hurdle. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an intervening change of controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (cleaned up).

**III.    Discussion**

As far as I can discern from her memorandum, Henry contends that I erred in my previous order by: (1) declining to award damages associated with the stroke she suffered in 2013 and to compensate her for an assortment of related and unrelated medical costs; (2) declining to award damages for lost wages; (3) declining to award damages to compensate her for the cost of repaying a loan she took out in 2015; and (4) declining to award punitive damages.[5] I address each of those arguments below.

1. <u>Medical Expenses</u>

Henry first contends that I erred in declining to award damages to compensate her for medical costs and (it appears) pain and suffering associated with the stroke she suffered in 2013. In support of that claim, Henry argues that under the "eggshell plaintiff doctrine…where a tort is committed, and injury may reasonably be anticipated, the wrongdoer is liable for the proximate results of that injury, although the consequences are more serious than they would have been, had the injured person been in perfect health." *Iazzetta v. Nevas*, 105 Conn. App. 591, 596 n.4 (2008).

However, my conclusion that Henry could not recover damages associated with her stroke was premised on a determination that Henry had failed to demonstrate that those damages properly fell within the scope of "recovery according to the injuries that were conceded by default." *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). Said differently, although Dr. Oluwole necessarily conceded liability on the well-pleaded allegations of the First Amended Complaint by virtue of the default judgment entered by Judge Covello, it was not clear that damages associated with a stroke she suffered in 2013 were properly recoverable.

---

[5] Although Henry additionally makes reference to pain and suffering—or, perhaps, to emotional distress damages—it is not clear whether she is claiming that I committed an error with respect to those damages.

Accordingly, I held a hearing to permit Henry to present expert testimony to substantiate her claim that damages associated with her stroke should be awarded and to permit Dr. Oluwole a further opportunity to object to the award of those damages.[6] At that hearing, Henry presented the testimony of her primary care-physician, Dr. Gary Miller. After carefully considering Dr. Miller's testimony, focusing specifically on his inability to determine with a reasonable degree of medical certainty that the onset of Henry's stroke was linked to the psychological and emotional distress Henry had experienced, I issued a written order in which I held that Henry had failed to demonstrate that damages associated with her stroke were properly recoverable in this action. In reaching that determination, I looked to Connecticut law to provide guidance on the requirements for demonstrating the "causal relation between an injury and its later physical effects [through] the direct opinion of a physician." *Budney v. Zalot*, 168 Conn. 388, 389 (1975). Accordingly, my conclusion was not based on a determination that Henry could not recover damages associated with her stroke simply because she suffered from a preexisting condition. In her motion for reconsideration, Henry therefore identifies no new facts or law that would reasonably be expected to alter my conclusion.[7]

With respect to her claim for compensation for medical bills incurred prior to the onset of her stroke, Henry simply reiterates her demand for $5,732.61 without further explanation. Pl.'s Mem. Doc. No. 436 at 5. But in my previous order, I carefully considered the exhibits submitted in support of that demand and ultimately concluded that Henry had failed to properly substantiate her claim. In her motion for reconsideration, Henry identifies no new facts that could reasonably

---

[6] Dr. Oluwole additionally filed a motion to preclude the use of exhibits reflecting damages associated with Henry's stroke. Following the hearing, I granted the motion to preclude the use of exhibits that reflected damages associated with Henry's stroke in advance of the third and final damages hearing. However, I permitted Henry to rely on those exhibits to the extent they reflected other, unrelated damages.

[7] I note additionally that counsel for Henry appears to misrepresent Dr. Miller's testimony in the motion for reconsideration and has included no citations to the transcript in support of his argument.

be expected to alter that conclusion. Finally, Henry has identified no basis for reconsideration of my determination that she had failed to substantiate her demand for $80,000 to compensate her for the annual cost of therapy.

2.  Lost Income

Henry additionally contends that I should reconsider my determination that she failed to adequately substantiate her claim for lost income. In her motion for reconsideration, Henry has clarified her somewhat chaotic and unclear demand, now arguing that she is entitled to recover $40,800.00 per year for past and future lost income for a total award of $816,000.00. Pl.'s Mem. Doc. No. 436 at 7.

There are a number of issues with that request; principal among them, a motion for reconsideration is not a proper vehicle for raising new claims. More significantly, however, Henry has failed to address any of the issues I noted in my previous order. First, she has again failed to explain her income decline between, 2011 and 2013, simply alleging that the income decline "coincides with Dr. Oluwole violating her." *Id*. She has additionally failed to set forth a factual basis from which I can reasonably estimate the extent to which her earning capacity was diminished as a result of the severe emotional distress she suffered.[8] *See, e.g., Nunez v. Palmer*, 96 Conn. App. 707, 709 (2006) ("In order to recover for an impairment of earning capacity, there must be a reasonable probability that the injured person did sustain such an impairment and that the evidence allows a finding of the reasonable estimate of the dollar amount."); *Hoadley v. Univ. of Hartford,* 176 Conn. 669, 675 (1979) (discussing evidence sufficient to demonstrate that

---

[8] As indicated in my previous order, Henry did submit evidence that, at some point in early 2013, she was forced to stop working for a period of time due to the symptoms of her anxiety. She failed to identify any clear demand for lost wages related to that time, however, nor was it clear from evidence in the record that she would remain unable to work as a result of her emotional injuries (or the extent to which those emotional injuries affected her future earning capacity).

the plaintiff was unable to "work as she had before the accident and as to her future earning prospects"); *Berndston v. Annino*, 177 Conn. 41, 46-47 (1979) ("[a plaintiff] who seeks to recover damages of this nature (lost earning capacity) must establish a reasonable probability that his injury did bring about a loss of earnings, and must afford a basis for a reasonable estimate by the trier of the amount of that loss.") (quoting *Mazzucco* v. *Krall Coal & Oil Co.,* 172 Conn. 355, 360 (1977)). Instead, she merely indicates that injuries caused by Dr. Oluwole have rendered her "unable to perform any aspect of her former employment." Pl.'s Mem. Doc. No. 436 at 7. Accordingly, Henry has failed to identify any basis for reconsidering my previous order.

   3.  <u>Loan</u>

  Henry additionally challenges my conclusion that she failed to demonstrate that damages to compensate her for the cost of repaying a $210,000 loan are properly recoverable in this lawsuit. However, Henry has set forth no new evidence that would alter my previous decision, again merely reiterating her previous demand.

   4.  <u>Punitive Damages</u>

  Finally, Henry asks that I reconsider my determination that she failed to point to evidence supporting her claim for punitive damages. In her motion, Henry cites to the testimony of her daughter, Monica Searchwell, who testified at trial and at the damages hearings. However, that testimony is not new evidence, nor did Searchwell's testimony demonstrate that "the defendant's conduct was outrageous and the defendant was at least recklessly indifferent to [Henry's] rights." *Walker v. Dickerman*, 993 F. Supp. 101, 106 (D. Conn. 1997). Accordingly, Henry has failed to demonstrate that my refusal to award punitive damages constitutes clear error or occasioned a manifest injustice.

## IV. Conclusion

For the foregoing reasons, Henry's motion for reconsideration is **denied**.

So ordered.

Dated at Bridgeport this 9th day of December 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge